# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSE M. BEJAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 13-2222-KHV-GLR |
| DEPARTMENT OF VETERAN ) | |
| AFFAIRS, Eric K. Shinseki, Secretary, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Before the Court is a Motion for Appointment of Counsel (ECF No. 3) filed by Plaintiff. For the reasons set out below, the Court denies the motion.

## I.  Relevant Factual Background

Plaintiff *pro se* commenced this action on May 10, 2013, by filing a civil complaint and paying the filing fee. His complaint alleges retaliation and harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.

## II. Motion for Appointment of Counsel

In general, there is no constitutional right to appointment of counsel in a civil case.[1] For some types of cases, however, Congress has provided statutory authority to appoint counsel. For actions brought under Title VII, 42 U.S.C. § 2000e-5(f)(1) – provides discretionary authority for

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v. Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

appointing counsel "in such circumstances as the court may deem just."[2] This statute provides no statutory right to counsel – it is merely a "a statutory right to **request** appointed counsel at court expense."[3] The Court has "extremely broad" discretion to appoint counsel under § 2000e-5(f)(1).[4] For guidance the Tenth Circuit has identified factors that courts consider when evaluating a motion for appointment of counsel. Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[5] As "an aid in exercising discretion" in close cases, the Court should also consider whether the plaintiff has the "capacity to present the case without counsel."[6]

When considering appointment of counsel, the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys.[7] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste precious resource and may discourage attorneys from donating their time."[8] Finally, the

---

[2]While this discretion is "extremely broad," as discussed in more detail later, long-standing Tenth Circuit precedent makes the financial ability to pay for counsel and other factors "relevant to the inquiry whether to appoint counsel." *See Castner*, 979 F.2d at 1420-21.

[3]*See Nelson* 446 F.3d at 1120-22 (emphasis added).

[4]*Castner,* 979 F.2d at 1420.

[5]*Id.* at 1421.

[6]*Id.* (recognizing *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984) as one of several cases that had identified this fourth factor).

[7]*Id.*

[8]*Id.*

Court notes that it has a limited pool of volunteer attorneys from whom it may appoint counsel.

### A. Financial Ability to Secure Counsel

Plaintiff has paid the filing fee for this action. He also states in his motion that he is financially able to retain his own counsel. Given this information, this factor clearly does not support appointment of counsel.

### B. Efforts to Secure Counsel

To obtain appointment of counsel, a party must make diligent efforts to secure counsel. This typically requires the party to meet with and discuss the case with at least five attorneys.[9] Plaintiff states that he has contacted six attorneys. But he does not state the nature of the contact or provide any indication that he personally met with and conferred with the attorneys about his case. Depending on the nature of the contacts these efforts may be sufficient. Merely contacting five or more attorneys, however, does not exhibit sufficient diligence to warrant appointment of counsel.[10] Based on the information before the Court, this factor does not support appointment of counsel.

### C. Merit of Allegations

To warrant appointment of counsel, Plaintiff must also affirmatively show that he asserts meritorious claims. But he makes no attempt to demonstrate the merits of his claims in his motion for appointment. Consequently, the Court is left to consider his complaint. His complaint standing alone, however, provides an insufficient basis to find that this action has sufficient merit to warrant appointment of counsel. A general review of the complaint provides no strong indicia regarding the

---

[9] *Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n.10 (D. Kan. June 12, 2009).

[10] *See Wheeler v. Wichita Police Dep't*, No. 97-1076-FGT, 1997 WL 109694, at *2 (D. Kan. Feb. 27, 1997).

merits of the claims. Moreover, an attachment to the complaint shows that the Equal Employment Opportunity Commission dismissed one claim and found no discrimination on other claims asserted in Plaintiff's charge of discrimination.

When considering the merits of Title VII claims, an "administrative finding is a 'highly probative' factor to be considered."[11] A "determination that there is probable cause to believe the complainant is a victim of discrimination creates a rebuttable presumption that the plaintiff's case has sufficient merit to satisfy this factor in the analysis of whether to appoint counsel."[12] On the other hand, unless the complaint is legally insufficient to state a claim, the courts should ordinarily "review the investigative file and allow the pro se plaintiff an opportunity to rebut" adverse conclusions before determining that the merits of the claims do not support appointment of counsel.[13] But "an adverse administrative finding coupled with many attorneys declining to represent the plaintiff, may 'provide strong evidence that plaintiff's case lacks merit.'"[14] This is "especially true in cases, such as this, in which attorneys often agree to represent a party for a fee contingent only upon the success of the claim."[15] And when the client has funds to pay an attorney, an inability to find an attorney to take the case seems to be an even greater indicator that the case lacks merits.

In light of the information before it, the Court does not find that Plaintiff has carried his

---

[11]*Castner*, 979 F.2d at 1422.

[12]*Id.* (citing *Poindexter*, 737 F.2d at 1187, with approval).

[13]*Id.*

[14]*Rand v. Wolf Creek Nuclear Operating Corp.,* No. 11–4136–KHV, 2012 WL 1154509, at *4 (D. Kan. Apr. 5, 2012) (quoting *Jones v. Pizza Hut, Inc.*, No. 10-CV-442-WYD-KMT, 2010 WL 1268048, at *2 (D. Colo. Mar. 30, 2010)).

[15]*Id.*

burden to show that his claims are of such merit as to necessarily warrant appointment of counsel.[16]

### III. Conclusion

For the foregoing reasons, the Court denies the Motion for Appointment of Counsel (ECF No. 3) filed by Plaintiff.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 16th day of May, 2013.

S/Gerald L. Rushfelt  
Gerald L. Rushfelt  
United States Magistrate Judge

---

[16]This is not to say that the claims are obviously frivolous or otherwise legally insufficient. Appointment is clearly not warranted in those circumstances. *See Poindexter v. FBI*, 737 F.2d 1173, 1187 (D.C. Cir. 1984). But that is not a necessary determination when ruling on a motion for appointment of counsel. *See id.* at 1187 n.35 (recognizing that "the court need not, and should not, go so far as to actually decide the merits of the case prior to a decision on the plaintiff's request for appointment of an attorney").