IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSE M. BEJAR,

        Plaintiff,

vs.

SLOAN D. GIBSON,
SECRETARY OF UNITED STATES
DEPARTMENT OF VETERANS
AFFAIRS,[1]

        Defendant.

Case No. 13-2222-DDC-GLR

## MEMORANDUM AND ORDER

Plaintiff brings this employment discrimination and retaliation action against his employer under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* This matter comes before the Court on defendant's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 19). Defendant argues that the Court must dismiss plaintiff's First Amended Complaint because it lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and fails to state a claim under Fed. R. Civ. P. 12(b)(6). After considering the arguments made by both parties, the Court grants defendant's Motion to Dismiss.

### I.    Background

The following facts are taken from plaintiff's First Amended Complaint and viewed in the light most favorable to him. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014) ("We accept as true all well-pleaded factual allegations in the complaint and view them in the light

---

[1]    On May 30, 2014, Sloan D. Gibson became Acting Secretary of the Department of Veterans Affairs and is automatically substituted for his predecessor, Eric K. Shinseki, as the proper defendant in this action. Fed. R. Civ. P. 25(d).

most favorable to the [plaintiff].") (quotation omitted).  The Court notes that defendant's motion cites to factual allegations contained in plaintiff's original Complaint.  But "it is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) (quotation omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (3d ed. 2010) ("A pleading that has been amended . . . supersedes the pleading it modifies . . . . Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")  The Tenth Circuit has explained that once an amended complaint is filed, it is proper for the district court to limit its examination only to the claims that are included in the amended pleading.  *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005).  "However, pursuant to Rule 10(c), specific allegations of the prior complaint may be referenced or incorporated by the amended complaint, but only if reference to allegations in the prior complaint is direct and specific."  *Fullerton v. Maynard*, 943 F.2d 57, 1991 WL 166400, *2 (10th Cir. Aug. 29, 1991) (unpublished table opinion) (citations omitted).

Here, plaintiff's First Amended Complaint makes no direct references to specific allegations in his original Complaint or to the documents which plaintiff attached to his original Complaint.  Consequently, the First Amended Complaint supersedes the allegations in the original Complaint.  Therefore, when analyzing defendant's motion under Fed. R. Civ. P. 12(b)(6), the Court has examined only the factual allegations contained in the First Amended Complaint.

Plaintiff was hired as a neurologist by defendant on January 28, 1988.  At some point before December 23, 1996, plaintiff filed an Equal Employment Opportunity ("EEO") complaint alleging that defendant was discriminating against him based on his national origin (Ecuadorian).

Afterwards, defendant required plaintiff to undergo psychiatric evaluation, placed him on administrative leave, and suspended his privileges as a physician.  On December 23, 1996, plaintiff filed a second EEO complaint alleging that defendant was discriminating against him based on his national origin and retaliating against him for filing the first EEO complaint by suspending his privileges.  On June 29, 1999, plaintiff and defendant entered into a settlement agreement that resolved his discrimination and retaliation claims.

Beginning in 2007, plaintiff filed at least five additional EEO complaints alleging that defendant was discriminating against him based on his race and national origin and retaliating against him because of his earlier EEO complaints.  These five additional EEO complaints were filed on July 27, 2007, September 7, 2007, December 21, 2007, May 5, 2010, and October 19, 2010.

On July 7, 2011, plaintiff filed an EEO complaint[2] that gives rise to the allegations in this lawsuit.  That EEO complaint alleged that defendant was discriminating against plaintiff by assigning him extra work and using a female patient to "frame him up" for unprofessional conduct.[3]  Plaintiff alleged claims of discrimination based on race and national origin and retaliation for filing previous EEO complaints.

The ordinary policy and procedure of defendant's primary care unit is to assign male patients to male doctors and female patients to female doctors.  Plaintiff alleges that he was

---

[2]      Under 29 C.F.R. § 1614.106, federal employees must file their formal complaint of discrimination with their agency's equal employment opportunity office, not the Equal Employment Opportunity Commission like nonfederal employees.  Therefore, plaintiff filed his complaint with the Department of Veteran's Affairs, the agency that allegedly discriminated against him.

[3]      In his First Amended Complaint, plaintiff has abandoned any claims based on defendant assigning him extra work.  The only claims from his EEO complaint plaintiff asserts in the First Amended Complaint are based on the allegation that defendant used a female patient to "frame" plaintiff.

regularly assigned female patients in violation of the policy and despite the availability of a female neurologist on his team.  Plaintiff contends that the female patients assigned to plaintiff were "typically severely psychiatrically disturbed" and that many of the female patients made sexual advances towards plaintiff during his examinations.  Plaintiff denies that he indulged any of the patients' sexual advances.

Plaintiff's immediate supervisor, Dr. Hedge, directly assigned patients to plaintiff. Plaintiff claims that the ordinary policy and procedure of defendant's primary care unit is for clerks to assign patients to physicians.  Therefore, plaintiff alleges that Dr. Hedge's assignments to plaintiff contravened the normal policy and procedure and that Dr. Hedge designed them to elicit a complaint against plaintiff by one of the female patients.  On some unidentified date, plaintiff requested that defendant assign female patients to the female neurologist, in conformity with defendant's ordinary policy and procedure, but he claims that defendant ignored his request. Plaintiff also asked defendant to have a nurse present whenever he examined female patients, but he alleges that defendant ignored this request as well.

Plaintiff contends that defendant's motivation for assigning female patients to him was to discriminate based on race and national origin and to retaliate for his prior EEO complaints. Plaintiff claims that the doctors in his "entire chain of command" are from India, and he contends that the Indian physicians favor each other and treat physicians of other nationalities as inferior.  Plaintiff further contends that these physicians created an environment where the nurses and staff also treated physicians of other nationalities as inferior.

Defendant informed plaintiff that on September 30, 2011, a patient had complained that plaintiff had inappropriately touched her during an examination.  Plaintiff believes that this patient was "MH."  Plaintiff asserts that her complaint is not credible.  Plaintiff contends that

4

defendant did not investigate the matter, but instead suspended his privileges as a physician on October 3, 2011.

In his First Amended Complaint, plaintiff alleges that defendant persuaded MH to file a false complaint against plaintiff in an effort to "frame" him, or alternatively, even if defendant did not persuade MH to file a false complaint, defendant violated its ordinary policy by assigning him to a female patient that allowed the patient to make a false complaint.  Plaintiff also contends that defendant encouraged MH to file a complaint without investigating the legitimacy of her allegations.  Plaintiff contends that his race, national origin, and prior EEO complaints were motivating factors in defendant's actions.[4]

## II.    Legal Standard

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction."  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted).  Federal district courts have original jurisdiction of all civil actions arising under the constitution, laws, or treaties of the United States or where there is diversity of citizenship.  28 U.S.C. § 1331; 28 U.S.C. § 1332.  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted).  Since federal courts are courts of limited jurisdiction, there is a presumption against

---

[4]    Plaintiff recognizes in his Suggestions in Opposition to Defendant's Motion to Dismiss that this is not the proper causation standard for retaliation claims.  Doc. 25 at 15.  Plaintiff further requests leave to amend his First Amended Complaint to reflect the proper causation standard.  The Court denies plaintiff's cursory request to amend his First Amended Complaint because he fails to set forth any reasons that the Court should grant leave to amend pursuant to Fed. R. Civ. P. 15(a).  Further, in light of the Court's dismissal of the action, any amendment on this basis would be futile.

jurisdiction, and the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Generally, a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) takes one of two forms:  a facial attack or a factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  "First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint.  In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."  *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)) (internal citations omitted).

"Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends.  When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.  A court has wide discretion to allow affidavits, other documents, and [to conduct] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)."  *Id.* at 1003 (internal citations omitted); *Los Alamos Study Group v. United States Dep't of Energy*, 692 F.3d 1057, 1063–64 (10th Cir. 2012).  *See also Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324–25 (10th Cir. 2002) (holding that a court must convert a motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of case, but the jurisdictional issue of exhaustion of Title VII administrative remedies is not an aspect of the substantive claim of discrimination and does not require conversion to summary judgment).

### B.  Motion to Dismiss for Failure to State a Claim

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'"  *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the Court must assume that the factual allegations in the complaint are true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678).  "'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice'" to state a claim for relief.  *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court may consider not only the complaint itself, but also attached exhibits and documents incorporated into the complaint by reference.  *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (citing

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *TMJ Implants, Inc. v. Aetna, Inc.*, 498 F.3d 1175, 1180 (10th Cir. 2007); *Indus. Constructors Corp. v. United States Bureau of Reclamation*, 15 F.3d 963, 964–65 (10th Cir. 1994)).  A court "'may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"  *Id.* (quoting *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007)) (internal quotation omitted).

### III.   Analysis

Defendant moves the Court to dismiss plaintiff's First Amended Complaint under both Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  The Court addresses each of these arguments in turn below.

#### A.  Subject Matter Jurisdiction

##### i.  Plaintiff's Failure to State the Basis for Subject Matter Jurisdiction in his First Amended Complaint

Defendant argues that the Court should dismiss plaintiff's First Amended Complaint because he has failed to state the basis for subject matter jurisdiction.  Fed. R. Civ. P. 8(a)(1) requires a plaintiff to state plainly the grounds for the federal court's jurisdiction.  *See* Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain a short and plain statement of the ground for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support . . . .").

Plaintiff filed his original Complaint *pro se* on May 10, 2013.  Doc. 1.  On the first page of the original Complaint, plaintiff stated that he was bringing an "employment discrimination lawsuit . . . based on . . . Title VII of the Civil Rights Act of 1964, as amended.  42 U.S.C. §§ 2000e, *et seq.*, for employment discrimination on the basis of race, color, religion, gender, or national origin."  Doc. 1 at 1.  Afterwards, plaintiff obtained counsel who entered his appearance

on June 25, 2013.  Doc. 8.  Plaintiff moved for and was granted leave to file a First Amended

Complaint, which was filed on August 22, 2013.  In paragraph 1 of plaintiff's First Amended

Complaint, plaintiff states "[j]urisdiction is proper in this Court as all parties either reside in

Kansas or conduct substantial and continuing business in Kansas."  Pl.'s First Am. Compl. (Doc.

16 at ¶ 1).  As defendant correctly points out, this is not a proper basis to invoke this Court's

subject matter jurisdiction.  The Court agrees that plaintiff's First Amended Complaint fails to

state the grounds for this Court's subject matter jurisdiction as required by Fed. R. Civ. P.

8(a)(1).  In other words, plaintiff's First Amended Complaint does not state on its face whether

he seeks to invoke this Court's diversity of citizenship subject matter jurisdiction pursuant to 28

U.S.C. § 1332 or federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

Nevertheless, while the plaintiff's First Amended Complaint is not a model pleading, it

adequately states actions by defendant that form the basis for his Title VII discrimination and

retaliation claims, and he specifically states a prayer for relief.  Thus, the Court construes

plaintiff's First Amended Complaint as one invoking this Court's federal question subject matter

jurisdiction because plaintiff asserts discrimination and retaliation claims under Title VII, 42

U.S.C. §§ 2000e, *et seq.*, which is a federal statute.  Moreover, Fed. R. Civ. P. 8(a)(1) requires

the plaintiff to state plainly the basis for jurisdiction "unless the court already has jurisdiction

and the claim needs no new jurisdictional support . . . ."  The Court already had jurisdiction over

this action when plaintiff previously identified that he was bringing this action under Title VII in

his original Complaint.  Therefore, the Court declines to dismiss on this basis.

Defendant also complains that plaintiff has failed to allege a waiver of sovereign

immunity.  "'The concept of sovereign immunity means that the United States cannot be sued

without its consent.'"  *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir.

2010) (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Jacks*, 960 F.2d 911, 913 (10th Cir. 1992)).  A federal court "lack[s] subject matter jurisdiction over a claim against the United States for which sovereign immunity has not been waived."  *Id.* (citing *Normandy Apartments, Ltd. v. U.S. Dep't of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009)).  The plaintiff bears the burden of proving an explicit waiver of sovereign immunity.  *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Sydnes v. United States*, 523 F.3d 1179, 1182–83 (10th Cir. 2008)).

As plaintiff explains in his Suggestions in Opposition to Defendant's Motion to Dismiss, Title VII contains a waiver of the United States' sovereign immunity.  *Gaskins v. Dep't of the Army ex rel. McHugh*, No. 10-4076-WEB, 2011 WL 4452529, at *4 (D. Kan. Sept. 26, 2011) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93–94 (1990)); *see also West v. Gibson*, 527 U.S. 212, 224–25 (1999) ("Section 717(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(b), which authorizes the EEOC to enforce federal compliance with Title VII 'through appropriate remedies, including reinstatement or hiring of employees with or without back pay,' effects a waiver of the United States' sovereign immunity for some purposes.").  While plaintiff did not specifically plead the waiver of sovereign immunity in his First Amended Complaint, the Court concludes that this defect also is not fatal to plaintiff's claims, especially when plaintiff has met his burden of proving a waiver of sovereign immunity in his Opposition brief.[5]  Therefore, the Court denies defendant's motion to dismiss for lack of subject matter jurisdiction on this basis.

---

[5]    The Court also notes that plaintiff easily could cure these deficiencies by amendment. Thus, the Court declines to dismiss plaintiff's First Amended Complaint on this basis.  But because the Court grants defendant's motion to dismiss on other grounds, as described in more detail below, any amendment to the First Amended Complaint to plead subject matter jurisdiction and a waiver of sovereign immunity expressly would be futile.

### ii. Exhaustion of Administrative Remedies

For the first time in its Reply, defendant alleges that this Court lacks subject matter jurisdiction over certain claims because plaintiff failed to exhaust his administrative remedies.  In plaintiff's First Amended Complaint, he alleges that defendant suspended his physician privileges on October 3, 2011.  Pl.'s First Am. Compl. (Doc. 16 at ¶ 6).  Plaintiff further alleges in his Suggestions in Opposition to Defendant's Motion to Dismiss that he has "asserted a claim that he was suspended and eventually terminated because of discrimination and retaliation."  Doc. 25 at 15.  In its Reply, defendant argues that plaintiff did not exhaust these claims in his administrative complaint to the Department of Veteran's Affairs.  Indeed, plaintiff's EEO complaint makes no mention of plaintiff's suspension or termination.  Doc. 1-2 at 6.[6]  Further, plaintiff alleges that he filed that complaint on July 7, 2011, almost three months before his suspension on October 3, 2011.  Moreover, the EEOC's determination attached to plaintiff's First Amended Complaint does not reference plaintiff's suspension or termination.  Doc. 16-1.  Rather, it states that plaintiff alleged in his administrative complaint that "he was subjected to discrimination based on race, national origin and reprisal when: (1) on May 9, 2011, a female patient was being used by Agency employees to 'frame him up' for unprofessional conduct; (2) that he was assigned to conduct compensation and pension examinations; and (3) that he was

---

[6]     In addressing whether dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is appropriate, the Court may consider documents submitted by the parties to resolve any jurisdictional fact questions.  *See Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324–25 (10th Cir. 2002) (holding that a court must convert a motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56 only when the jurisdictional question is intertwined with the merits of case, but the jurisdictional issue of exhaustion of Title VII administrative remedies is not an aspect of the substantive claim of discrimination and does not require conversion to summary judgment).

asked to provide a medical advisory opinion." *Id.* at 1.  Thus, defendant contends, these three complaints are the only properly-exhausted claims.

The Court generally does not address arguments made for the first time in a reply brief. *Stumps v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) (citation omitted).  However, the Court considers the argument here because its resolution determines whether the Court has subject matter jurisdiction over plaintiff's claims.  *See Heck v. Sutcliffe*, No. 13-2264-CM, 2013 WL 5651406, at *2 n.3 (D. Kan. Oct. 16, 2013) (considering defendant's argument raised for the first time in his reply brief because it potentially affected the court's subject matter jurisdiction).

Because the Tenth Circuit has instructed that "[g]enerally, the nonmoving party should be given an opportunity to respond to new material raised for the first time in the movant's reply," the Court ordered plaintiff to file a surreply addressing whether he had properly exhausted his administrative remedies for his claim that defendant suspended and eventually terminated him because of discrimination and retaliation.  *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005) (citing *Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164 (10th Cir. 1998)).  Plaintiff submitted a surreply on July 15, 2014 (Doc. 54), and the defendant filed a reply to plaintiff's surreply on July 17, 2014 (Doc. 55).  In his surreply, plaintiff concedes that he has not exhausted his administrative remedies for his suspension or termination claim.

A plaintiff must exhaust his or her administrative remedies before filing suit under Title VII.  *Jones v. Runyon*, 91 F.3d 1398, 1399 (10th Cir. 1996), *cert. denied*, 520 U.S. 1115 (1997).  Failing to exhaust administrative remedies is a bar to subject matter jurisdiction.  *McBride v. CITGO Petro. Corp.*, 281 F.3d 1099, 1106 (10th Cir. 2002) (citing *United States v. Hillcrest Health Ctr., Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001)).  As the party seeking to invoke federal

jurisdiction, plaintiff bears the burden to show by competent evidence that he properly exhausted the claims he asserts in federal court. *Id.* (citing *Hillcrest Health Ctr., Inc.*, 264 F.3d at 1278).

Following the Supreme Court's decision in *Nat'l R.R. Passenger Corp. v. Morgan*, "each discrete incident of [discrimination or retaliation by an employer] constitutes its own 'unlawful employment practice' for which administrative remedies must be exhausted." *Martinez v Potter*, 347 F.3d 1208, 1210 (10th Cir. 2003) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110–13 (2002)). "'Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice.'" *Id.* (citing *Morgan*, 536 U.S. at 114) (further internal quotations omitted). In *Martinez v. Potter*, the Tenth Circuit explained that the Supreme Court applied this rule in *Morgan* to bar a plaintiff from bringing claims that he had not administratively exhausted when those incidents occurred more than 300 days before filing the administrative complaint. *Id.* The Tenth Circuit held that this "rule is equally applicable, however, to discrete claims based on incidents occurring *after* the filing of" an administrative complaint. *Id.* at 1210–11.

Here, plaintiff's suspension and termination occurred after he filed his administrative charge on July 7, 2011. Plaintiff was required to exhaust his administrative remedies for any claims based on his suspension or termination. Plaintiff concedes that he has not done so. Doc. 54. Therefore, plaintiff has failed to exhaust his administrative remedies, and the Court lacks subject matter jurisdiction over any claims based on his suspension or termination.

Further, defendant asserts that none of the claims plaintiff properly has exhausted are asserted by his First Amended Complaint. The only claims that plaintiff has exhausted are: "(1) on May 9, 2011, a female patient was being used by Agency employees to 'frame him up' for

unprofessional conduct; (2) that he was assigned to conduct compensation and pension examinations; and (3) that he was asked to provide a medical advisory opinion." Doc. 160-1 at 1. Plaintiff does not assert any claims in his First Amended Complaint based on the second and third claims that he did exhaust—that he was assigned to conduct compensation and pension examinations or that he was asked to provide a medical advisory opinion. Plaintiff's First Amended Complaint also does not assert any claim based defendant's use of a female patient to "frame him up" on May 9, 2011. In his administrative charge, plaintiff alleged that a female patient was used to set him up on May 9, 2011. Doc. 1-2 at 6. In a letter dated June 28, 2011, the Department of Veterans Affairs described plaintiff's complaint in more detail as alleging that on May 9, 2011, defendant used "Patient 4W" in an attempt to frame him. Doc. 1-2 at 3. Plaintiff's First Amended Complaint makes no reference to defendant's attempt to frame him by using Patient 4W on May 9, 2011. Rather, plaintiff's claims are based on the allegation that defendant "encouraged" and "persuaded" a patient, "MH," to file a false claim against him in an effort to frame him. Pl.'s First Am. Compl. (Doc. 16 at ¶¶ 37, 43). Plaintiff also alleges that defendant told him on September 30, 2011, that a patient (who he believes is "MH") complained that plaintiff had touched her inappropriately during an examination. *Id.* at ¶ 31. Plaintiff's administrative complaint does not contain any allegations about a patient named "MH" filing false complaints against him. Indeed, plaintiff alleges that he filed his administrative complaint on July 7, 2011—more than two months before defendant informed plaintiff of the alleged complaint by "MH" on September 30, 2011.

Although the Court must "liberally construe charges filed with the EEOC in determining whether administrative remedies have been exhausted as to a particular claim," the Court's "inquiry is limited to the scope of the administrative investigation that can reasonably be

expected to follow from the discriminatory acts alleged in the administrative charge." *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007) (citations omitted).  "In other words, the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Id.*  In this case, plaintiff's charge of discrimination does not fairly encompass a claim for discrimination or retaliation based upon defendant persuading a patient, "MH," to file a false claim against him in an effort to frame him.  Therefore, plaintiff did not exhaust his administrative remedies, and the Court lacks subject matter jurisdiction over any claims asserted in his First Amended Complaint.  The Court therefore grants defendant's motion to dismiss for lack of subject matter jurisdiction.

### B.  Failure to State a Claim

Defendant also argues that even if plaintiff's First Amended Complaint is not barred on jurisdictional grounds, plaintiff has failed to state a claim upon which relief can be granted, and therefore, the Court should dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6).  The Court agrees.  That is, even if it construed plaintiff's administrative charge as having properly exhausted a claim based on defendant's use of a female patient, "MH," to frame plaintiff, the Court must dismiss plaintiff's First Amended Complaint for failure to state a claim.

The Tenth Circuit recently provided an extensive analysis of the pleading standard for employment discrimination and retaliation claims under *Twombly*.  *Khalik v. United Air Lines*, 671 F.3d 1188, 1193–94 (10th Cir. 2012).  In that case, the court affirmed a district court decision dismissing a plaintiff's Title VII discrimination and retaliation claims and FMLA retaliation claims under Fed. R. Civ. P. 12(b)(6).  *Id.*  In so doing, the court cautioned that under *Twombly*, the plaintiff is not required to "set forth a prima facie case for each element" to

successfully plead a claim of discrimination.  *Id.* at 1193.  Rather, the plaintiff is only required to "set forth plausible claims."  *Id.*

In this case, plaintiff brings discrimination and retaliation claims under Title VII.  "A plaintiff proves a violation of Title VII either by direct evidence of discrimination or by following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)."  *Khalik*, 671 F.3d at 1192 (10th Cir. 2012) (citing *Crowe v. ADT Sec. Servs. Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011)).  Plaintiff here has not alleged any direct evidence of discrimination or retaliation in his First Amended Complaint.  Thus, under *McDonnell Douglas*, "a three-step analysis requires the plaintiff first prove a prima facie case of discrimination."  *Id.* (citing *Garrett v. Hewlett–Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002)).

A prima facie case of discrimination under Title VII requires a plaintiff to demonstrate: (1) membership in a protected class, (2) adverse employment action, (3) he was qualified for the position at issue, and (4) he was treated less favorably than others not in the protected class.  *Id.* (citing *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 531 (10th Cir. 1998)).  If plaintiff meets this burden, then the burden shifts to the defendant to produce a legitimate, non-discriminatory reason for the adverse employment action.  *Id.* (citing *Garrett*, 305 F.3d at 1216).  If defendant satisfies that burden, the burden then shifts back to the plaintiff to show that the plaintiff's protected status was a determinative factor in the employment decision or that the employer's explanation is pretext.  *Id.* (citing *Garrett*, 305 F.3d at 1216).

The same analysis applies to Title VII retaliation claims; plaintiff must prove a violation of Title VII either by direct evidence of discrimination or by the *McDonnell Douglas* burden-shifting framework.  *Davis v. Unified Sch. Dist.* 500, 750 F.3d 1168, 1170 (10th Cir. 2014).

Where there is no direct evidence of retaliation, plaintiff must first establish a prima facie case of retaliation by showing that: "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there is a causal connection between his protected activity and the adverse employment action." *Id.* (citing *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011)). "The Supreme Court has recently clarified the causation standard for Title VII retaliation claims, explaining: '[A] plaintiff making a retaliation claim under § 2000e–3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.'" *Id.* (quoting *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, __ U.S. __, 133 S. Ct. 2517, 2534 (2013)).

The Court is mindful that the *McDonnell Douglas* burden-shifting framework is an evidentiary standard, not a pleading requirement, and that plaintiff does not need to adhere to these requirements of establishing a prima facie case in order to survive a motion to dismiss. *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 510–11 (2002). However, "while Plaintiff is not required to set forth a prima facie case for each element, [he] is required to set forth plausible claims." *Khalik*, 671 F.3d at 1193; *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. The Tenth Circuit has noted that "[w]hile '[s]pecific facts are not necessary,' some facts are." *Khalik*, 671 F.3d at 1193 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).

Defendant argues that even if the Court has subject matter jurisdiction over plaintiff's allegation that defendant used a patient, "MH," to frame him, plaintiff has not sufficiently pleaded facts showing that he suffered an adverse action. Therefore, he has failed to state a claim upon which relief can be granted. The Court agrees.

Plaintiff's discrimination and retaliation claims both require that plaintiff prove that he suffered an adverse employment action. An adverse employment action is one that is "materially

adverse" to the employee's job status.  *Sanchez v. Denver Pub. Sch.*, 164 F.3d 527, 533 (10th

Cir. 1998).  An action that is "'a mere inconvenience or an alteration of job responsibilities'" is

not materially adverse to employment status.  *Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847,

857 (10th Cir. 2000) (quoting *Sanchez*, 164 F.3d at 532).  To constitute an adverse employment

action, the employer's action must result in "a significant change in employment status, such as

hiring, firing, or failing to promote, reassignment with significantly different responsibilities, or a

decision causing a significant change in benefits."  *Burlington Indus., Inc. v. Ellerth*, 524 U.S.

742, 761 (1998).

Plaintiff bears the burden of pleading enough facts to establish a plausible claim that

defendant's attempt to "frame" plaintiff for unprofessional conduct constituted "a significant

change in employment status."  He fails to meet this burden.  He does not allege that this

attempted framing resulted in any significant change in his benefits or any of the other terms and

conditions of his employment.  Thus, plaintiff's First Amended Complaint fails to state a

plausible claim for discrimination or retaliation because it contains no facts showing that plaintiff

suffered an adverse impact.

The Court recognizes that plaintiff's suspension and termination may constitute adverse

employment actions if they resulted in a change in the terms and conditions of his employment,

but plaintiff has not exhausted his administrative remedies with respect to those two events.  That

omission is fatal to his claims.  *See Duncan v. Manager, Dep't of Safety, City and Cnty. of

Denver*, 397 F.3d 1300, 1314 (10th Cir. 2005).  Therefore, even if the Court had subject matter

jurisdiction over plaintiff's claim that defendant encouraged "MH" to file a false claim in an

effort to frame him, the Court would grant defendant's motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(6) because plaintiff has failed to state a claim for relief.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion to

Dismiss Plaintiff's First Amended Complaint (Doc. 19) is granted.

**IT IS SO ORDERED.**

**Dated this 18th day of July, 2014, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
